IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**CEDRIC TYRONE WALKER,** :
    **Plaintiff** :
: No. 1:17-CV-01938
    v. :
: (Judge Rambo)
**P. RAMIREZ, et al.** :
    **Defendants** :

## MEMORANDUM

Plaintiff Cedric Tyrone Walker, an inmate currently confined at the United States Penitentiary at Coleman, Florida ("USP-Coleman"), filed this current action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), on October 23, 2017. (Doc. No. 1.) Currently before the Court is Defendants' motion to dismiss Plaintiff's complaint, or, for summary judgment. (Doc. No. 16.) The motion, having been fully briefed, is ripe for disposition.

## I.     BACKGROUND

While incarcerated at USP-Lewisburg, Pennsylvania, Plaintiff alleges that in November and December of 2016, he was quarantined due to having symptoms associated with salmonella poisoning. (Doc. No. 1 at 2.) Plaintiff alleges that the Food Administration, Warden, staff and medical staff were negligent in handling a salmonella outbreak and that they were deliberately indifferent to his health. (Id.)

1

Plaintiff requests $20,000 in compensatory damages against the named Defendants as well as $20,000 in punitive damages. (Id. at 3.)

On November 30, 2017, the Court referred this matter to the Prison Litigation Settlement Program for mediation. (Doc. No. 14.) On December 14, 2017, the Court received and docketed a letter from Assistant United States Attorney Justin Blewitt, Jr, indicating that the individually named Defendants were not prepared to participate in mediation on the Bivens claims. (Doc. No. 15.) Subsequently, on January 18, 2018, Defendants filed a motion to dismiss, or, for summary judgment. (Doc. No. 16.) Plaintiff filed a brief in opposition on May 21, 2018. (Doc. No. 21.)

## II. LEGAL STANDARD

Defendants have filed a motion to dismiss, or, for summary judgment, arguing that under Federal Rule of Civil Procedure 12(b)(6), the complaint fails to state a claim upon which relief can be granted or that summary judgment should be entered in their favor. (Doc. No. 16.)

### A. Motion to Dismiss

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.

See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). The Court's inquiry is guided by the standards of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. As the Supreme Court instructed in Iqbal, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an

3

entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). A court may also consider "any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006) (quoting 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d Ed. 2004)).

In the context of pro se prisoner litigation specifically, the court must be mindful that a document filed pro se is "to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears

4

beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### B. Summary Judgment

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence with which a reasonable jury could find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Childers v. Joseph, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing Anderson, 477 U.S. at 248). A factual dispute is "material" if it might affect the outcome of the case. Anderson, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the non-moving party. Skerski v. Time Warner Cable Co., 257 F.3d 273, 278 (3d Cir. 2001); White v. Westinghouse Elec, Co., 862 F.2d 56, 59 (3d Cir. 1988).

A party seeking summary judgment always bears the initial burden of informing the court of the basis of its motion and identifying those portions of the record that it believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The non-moving party then

5

has the burden to "come forth with 'affirmative evidence, beyond the allegations of the pleadings,' in support of its right to relief." U.S. Bank, Nat'l Ass'n v. Greenfield, Civ. Action No. 1:12-CV-2125, 2014 WL 3908127, *2 (M.D. Pa. Aug. 11, 2014) (quoting Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004)). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)," a court may grant summary judgment or consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e)(2-3).

## III. DISCUSSION

Defendants argue that Plaintiff's claims should be dismissed because of his failure to allege the personal involvement of Defendants in connection with the incidents averred in his complaint as well as his failure to set forth an Eighth Amendment deliberate indifference claim. (Doc. No. 18 at 5, 7.)

### A. Eighth Amendment Bivens Claims

Defendants first argue that Plaintiff provides no allegations of personal involvement of any named Defendant in connection with the alleged constitutional violations. (Id. at 5.) "A Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated

the plaintiff's rights under color of federal law." Brown v. Philip Morris Inc., 250 F.3d 789, 800 (3d Cir. 2001). Specifically:

> Bivens creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." . . . To state a claim under Bivens, the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States.

Naranjo v. Martinez, Civ. No. 408-1755, 2009 WL 4268598, at *6 (M.D. Pa. Nov. 24, 2009) (citations omitted). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993).

To establish an Eighth Amendment violation, a plaintiff must show (1) he suffered a deprivation that was "objectively, sufficiently serious," resulting in "the denial of the minimal civilized measure of life's necessities," and (2) the responsible prison official acted with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted).

However, civil rights claims "cannot be premised on a theory of respondeat superior. Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which

7

underlie a claim." Millbrook v. United States, 8 F.Supp. 3d 601, 614 (M.D. Pa. 2014). Indeed, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." Rode, 845 F.2d at 1207; Millbrook, 8 F.Supp. 3d at 614 (quoting Rode in the Bivens context).

Here, Plaintiff has not set forth any allegations identifying how any of the named Defendants were personally involved in the alleged constitutional deprivations. For instance, Plaintiff alleges that Defendant Ebbert was responsible for the operation of USP-Lewisburg, however, fails to allege any personal involvement on his behalf in the events complained of in Plaintiff's instant complaint. Similarly, Plaintiff merely alleges that Defendant Ramirez was the food supervisor but makes no further allegations of personal involvement. (Doc. No. 1 at 1-2.) As for Defendants Schoonover and Mitterling, Plaintiff fails to set forth any allegations against either of these two Defendants in the body of his complaint, rather, he merely requests that they pay his paralegal and type specialist costs. (Id. at 3.)

Finally, as for Defendant Lappin, Plaintiff alleges that he is the "Director/Commissioner" of the "Sta[t]e of Pennsylvania Department of Justice." (Id. at 1.) Plaintiff does not set forth any further allegations against Defendant Lappin. Defendants also submit that Defendant Lappin retired from the Bureau of Prisons ("BOP") in 2011 and therefore, could not have had any involvement in the alleged events that took place in November and December of 2016. (Doc. No. 18 at 6; Doc. No. 17 ¶ 1.) The Court concludes that Plaintiff has not alleged facts which would demonstrate a plausible basis for the Court to infer personal involvement on the part of any of the individual Defendants. Plaintiff's complaint fails to allege any actual involvement by Defendants, whether through personal direction, actual knowledge, or acquiescence. See Rode, 845 F.2d at 1207; see also Twombly, 550 U.S. at 570 (such conclusory statements without any supporting factual allegations are insufficient to state a claim).

Additionally, Plaintiff's claims against these Defendants appear to be based on an instance in which Plaintiff consumed food while at USP-Lewisburg that was allegedly contaminated with salmonella. (Doc. No. 1.) Such allegations simply do not rise to the level of an Eighth Amendment violation. See Mckinney v. Giorla, Civ. No. 11-4188, 2012 WL 1521853, at *4 (E.D. Pa. Apr. 30, 2012) (a single instance in which food contaminated with mouse droppings does not rise to the

9

level of an Eighth Amendment violation); Green v. Atkinson, 623 F.3d 278, 281 (5th Cir. 2010) ("A single incident of food poisoning or finding a foreign object in food does not constitute a violation of the constitutional rights of the prisoner affected."); Smith v. Younger, Civ. No. 98-5482, 1999 WL 623355, at *2 (6th Cir. Aug. 9, 1999) (upholding dismissal of Eighth Amendment claim based on a single incident in which prisoner discovered a worm in her food); Murray v. Allen, Civ. No. 10-1014, 2010 WL 4159261, at *2 (E.D. Pa. Oct. 21, 2010) (holding prisoner's allegations regarding a single incident in which he was served a burrito containing a tooth, although "stomach churning," did not rise to the level of an Eighth Amendment violation); Allen v. Maryland, Civ. No. L-10-353, 2010 WL 727753, at *1 (D. Md. Feb. 25, 2010) ("To state a constitutional violation for unsanitary food preparation an inmate must do more than allege a single incident of contamination."); Smith-Bey v. CCA/CTF, 703 F. Supp. 2d 1, 8 (D.D.C. 2010) (holding "two instances of discovering cockroaches in one's food do not rise to the level of a sufficiently serious deprivation" for Eighth Amendment purposes); Seymour/Jones v. Oldt, Civ. No. 90-1583, 1990 WL 29721, at *1 (E.D. Pa. 1990) (holding "a single unintentional instance of food poisoning, . . . though undoubtedly unpleasant, does not rise to the level of a violation of [a prisoner's] civil rights).

The "deliberate indifference" standard is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. Bd. of Cty. Comm'rs of Bryan Cty. v. Brown, 520 U.S. 397, 410 (1997). An official is not deliberately indifferent if "he fails to alleviate a significant risk that he should have identified." Farmer, 511 U.S. at 837. Only egregious acts or omissions can violate this standard. See White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990). In accordance with the case law cited above, Plaintiff's allegations simply fail to rise to the level of deliberate indifference. Consequently, Defendants' motion to dismiss, or, for summary judgment, will be granted and all Defendants will be dismissed from this action with prejudice.

### B. Leave to Amend

Courts are cautioned that because of the liberal pleading standard, a plaintiff should generally be granted leave to amend before dismissing a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962) (citations and internal quotations omitted). The Court may deny leave to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure

deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." Id. An amendment would be futile if the complaint, as amended, would not survive a motion to dismiss for failure to state a claim. In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).

The Court concludes that it would be futile to allow Plaintiff to amend his Bivens claims against the individually named Defendants because Plaintiff's allegations do not rise to the level of a constitutional violation. Additionally, to the extent that Plaintiff intends to pursue a negligence claim against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., he must do so in a new action and in accordance with the FTCA.[1] See Robinson v. U.S., Civ. No., 2014 WL 2940454, at *5 (M.D. Pa. June 30, 2014) (stating that prior to commencing an FTCA action in federal court, a plaintiff must first present the claim to the federal agency and receive a final denial, otherwise, a district court

---

[1] In his brief in opposition, Plaintiff attaches for the first time exhibits of administrative letters regarding an administrative tort claim Plaintiff filed with regards to the salmonella incident. (Doc. No. 21 at 23.) The date of the final administrator's response letter is December 18, 2017 and provides that if Plaintiff does not accept the proposed settlement offer, that he has six months in which to file suit in federal court. (Id.) Plaintiff's complaint was filed on October 23, 2017, before Plaintiff's receipt of this administrative letter. However, this issue is outside the scope of Plaintiff's Bivens complaint, and Plaintiff cannot raise new claims in a brief in opposition. See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 *3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."); Bucano v. Monroe Cty. Corr. Facility, No. 3:13-cv-01783, 2014 WL 509396, at *1 n.2 (M.D. Pa. Jan. 7, 2014).

lacks subject matter jurisdiction to hear the suit); United States v. Kubrick, 444 U.S. 111, 117-18 (1979) (an FTCA claim must be filed within six months of the date plaintiff is served with the notice of the denial of his administrative claim); see also Peraza v. U.S., No. 3:cv-13-1316, 2014 WL 4272746, at *2 (M.D. Pa. Aug. 28, 2014) (FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim); CNA v. United States, 535 F.3d 132, 138 n.2 (3d Cir. 2008) (providing that the United States is the only proper defendant in a case brought under the FTCA).

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss, or, for summary judgment (Doc. No. 16), will be granted and all individually named Defendants will be dismissed from this action with prejudice and this case will be closed. An appropriate Order follows.

s/Sylvia H. Rambo<br>
SYLVIA H. RAMBO<br>
United States District Judge

Dated: June 7, 2018